■ MILLIE DAVIS, Respondent, v. CURRY TRUCK RENTAL, INC., et al., Appellants.— Defendants appeal from a judgment of the Supreme Court, entered in Tioga County on June 27, 1956, in favor of the plaintiff for damages arising from an automobile accident. The action involves a head-on collision between an automobile driven by the plaintiff and an automobile driven by defendant Ferrarini on a two-lane concrete highway 20 feet wide with eight-foot shoulders, known as Route 17, a short distance east of Waverly, N. Y. The accident happened on December 19, 1955, at about 5:40 P.M. It was dark and both vehicles had headlights on. There had been snow flurries during the day and there were patches of ice on the highway. There was no snow falling at the time of the accident and visibility was good. The road is approximately straight and level for a distance of well over 1,000 feet in each direction from the point of collision. Briefly, plaintiff's version of the accident is that, as she was proceeding easterly in her own lane, her car skidded on a patch of ice and skidded into the west bound lane; that defendant, Ferrarini, was then about 1,000 feet away proceeding westerly and continued at a high speed and struck plaintiff's car before she could regain control of it. Ferrarini's version is that there was another vehicle ahead of plaintiff and that her car came over into the westbound lane when he was only about 100 feet away and that he did not have time to do anything to avoid the collision. The only other eyewitness to the accident gave testimony which tended to support Ferrarini's version, but the jury could have discounted the testimony of this witness because his observations were made from a point about 600 feet away, at night. However, plaintiff testified that her car continued in a skid in the westbound lane for a distance of 350 feet before the collision. From a road sign, where she said her skid began, to the undisputed point of collision the distance is 585 feet. Although there were many people present shortly after the accident the record is unsatisfactory as to detailed road conditions in the vicinity. If there were only patches of ice, it is difficult to understand why plaintiff could not stop or regain control in such a distance. If ice was continuous so that control was impossible, it becomes important to know whether Ferrarini was confronted with the same conditions, or only patches of ice or was proceeding on bare road. Upon this

record we think the verdict was against the weight of evidence and that a new trial is required. Judgment reversed, on the law and facts, and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.